No. PD-1233-14

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### DONNA GAYLE HOLCOMB

*Petitioner,*

V.

### THE STATE OF TEXAS

*Respondent.*

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015

Abel Acosta, Clerk

---

**PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW AND NOTICE OF FILING OF PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

---

On Appeal from the First Court of Appeals in
Cause No. 01-08-00337-CR and from the 230th District Court
of Harris County, Texas in Cause No. 1141352

---

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW, DONNA HOLCOMB, Petitioner in the above-entitled appeal and files this, her Motion for Extension of Time to File Petition for Discretionary Review ("PDR") and Notice of Filing of Petition for Discretionary Review and in support thereof would show the Court the following:

1

## I. INCORPORATIONS

1. Petitioner incorporates by reference *Petitioner's Motion to Extend Time to File Petition for Discretionary Review and Request for the Court to Order Jerome Godinich to Return Petitioner's File* filed with this Court under the mailbox rule on or about January 6, 2015.

## II. SUMMARY

2. Petitioner was convicted of second degree theft on or about April 14, 2008 in Cause No. 1141352 styled *State of Texas v. Donna Gayle Holcomb* in the 230th District Court of Harris County, Texas. Petitioner was sentenced to 11 years in the Texas Department of Criminal Justice ("TDCJ"). Petitioner appealed the jury verdict on both guilt and punishment.

3. On February 16, 2012, the First Court of Appeals ("First Court") affirmed the jury verdict as to guilt but overturned and remanded the case to the trial court for a new punishment trial. The First Court abated the appeal on or about March 22, 2012.

4. On May 2, 2012, Jerome Godinich ("Godinich") was appointed as Petitioner's attorney on appeal in the First Court and for the re-trial of the punishment phase. Godinich spoke with Petitioner once on the phone, saying he would call her back later to make an appointment with Petitioner, and <u>never called her back for two years</u>.

2

5.     On April 8, 2014, the First Court reinstated the appeal.

6.     On April 30, 2014, at Petitioner's only meeting with Godinich in two years, Godinich tried to get Petitioner to let the appeal and the retrial of the punishment phase go arguing that the First Court of Appeals had lost jurisdiction and the retrial of the punishment phase was unnecessary and should never be had.

7.     On May 8, 2014, due to Godinich lack of response to Petitioner's requests, Petitioner was forced to file a pro se Motion for Extension of Time which was granted by the First Court. Further, Petitioner also included a notice that she was terminating Godinich as her attorney. At that point, the First Court of Appeals had recognized Petitioner's pro se status, however, the First Court allowed Godinich to continue effectively allowing Petitioner to have hybrid representation, something Petitioner did not want.

8.     On August 28, 2014, the First Court withdrew their original opinion and judgment and reissued a new opinion and judgment which restarted the appellate deadlines for moving for rehearing.

9.     On September 12, 2014, Petitioner filed a *Motion for Extension of Time to File Motion for Rehearing and/or Motion for En Banc Reconsideration and Motion To Proceed on Appeal Pro Se* with the First Court under the mailbox rule. Unbeknownst to Petitioner at the time, Godinich, without authority from

3

Petitioner, filed a motion to extend time to file a PDR with this Court on September 12, 2014, when a PDR was not even due until September 27, 2014.

10. On October 30, 2014, the First Court denied Petitioner's motion to proceed pro se because Godinich had filed a PDR with this Court and the First Court would not allow Petitioner to proceed pro se in the First Court while she was represented by counsel in this Court.

11. On or about November 7, 2014, this Court terminated Godinich and allowed Petitioner to proceed pro se on appeal.

12. On or about November 13, 2014 and after Petitioner received notification of that determination, Petitioner again filed, under the mailbox rule, and urged a motion for extension of time to file a motion for rehearing with the First Court.

13. On December 4, 2014, although Petitioner did not receive notification until later, the First Court denied Petitioner's motion for extension of time to file a motion for rehearing for lack of jurisdiction.

14. It is undisputed that Petitioner has argued that Godinich refused to communicate with her and has not done so since April of 2014 in spite of several emails and some faxes requesting that he respond to her and move to withdraw. Petitioner believes that her motion for extension of time to the First Court were timely and the First Court had jurisdiction.

4

15. Godinich filed a motion and a PDR with this Court without authority, deliberately leaving out constitutional issues discussed with him at Petitioner's one and only meeting in April of 2014.

16. On or about January 9, 2015, this Court granted Petitioner an extension of time to obtain her file from Godinich and prepare and file the PDR. When Petitioner received her filed from Godinich, it was approximately 3/4 of an inch think with only copies of filed documents. All the alleged research that Godinich said he did (e.g., caselaw, notes, etc.) was not there, even though Godinich had already been paid by the county for his representation of Petitioner. Petitioner's file from Godinich was no help at all.

17. Petitioner has worked on her PDR, but the constitutional issues were hard to find. Petitioner does not have West legal research.

18. The week prior to March 9, 2015, Petitioner received a subpoena to testify in a civil suit beginning on March 9, 2015. Petitioner was required to stay at the courthouse for two days and was only released in the later afternoon on March 10, 2015. Petitioner had planned to work all day and finish the PDR on Monday. After Petitioner was released from the subpoena, Petitioner was not able to work on the PDR for some time after March 10, 2015.

19.   Petitioner could not have filed her PDR on March 9, 2015 as she was at the Galveston County Courthouse under subpoena and she was not released for two days.

### III.   MOTIONS

20.   The PDR is was due on March 9, 2015.

21.   Petitioner has been granted two extensions for 60 days, however, Petitioner's motion for extension of time in the First Court was not denied until December 4, 2014.[1]   The only reason that the First Court gave an order that on October 30, 2014, that it could not rule on Petitioner's motion for extension of time to file a motion for rehearing was because Petitioner was represented by Godinich in this Court.   This Court allowed Petitioner to proceed pro se in early November, but by then, the First Court alleges it lost jurisdiction.

### IV.   ARGUMENTS AND AUTHORITIES

22.   This Court has the authority to grant Petitioner's relief in the interest of justice.   Petitioner's request for an extension of time to file a PDR is governed by Tex. R. App. P. 10.5(b).

23.   Petitioner is grateful for this Court allowing her to proceed pro se on appeal and for the two extensions of time this Court has granted.

---

[1] Petitioner did not receive notification of this denial until the week of December the 8th, and Petitioner's husband fell and broke his leg on December 8, 2014.   He has had a subsequent surgery and his recuperation has been a factor in Petitioner's time.

24. Petitioner asks the Court to take notice that she has now filed her PDR with the constitutional issues of Double Jeopardy included. Petitioner suggests to the Court that there has never been another case like Petitioners wherein post-acquittal fact-finding testimony was used to convict Petitioner in the guilt or innocence phase of a lesser included offense. Petitioner requests that the Court consider her petition.

25. Petitioner respectfully requests that the Court extend the time for filing the PDR for 15 days. Tex. R. App. P. Rule 68.2(c) reads in part,

> "...Extension of Time. The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition..."

26. Petitioner moves the Court to extend the deadline for filing her PDR for 15 days until March 24, 2015 and to take notice of the filing of Petitioner's PDR filed simultaneously with this motion.

## V.   PRAYER

Wherefore Premises Considered, Petitioner requests that the Court grant Petitioner's Motion for Extension of Time to File Petition for Discretionary Review and Notice of Filing of Petition for Discretionary Review and to grant Petitioner all other relief to which she may show herself justly entitled.

Respectfully submitted,

By: _____
DONNA HOLCOMB    (PRO SE)
4906 Scott Reef Dr.
Bacliff, Texas  77518

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served March 24, 2015 to the following:

DONNA HOLCOMB    (PRO SE)

Harris County District Attorney          *Via U.S. Mail*
1201 Franklin
Houston, Texas  77002

8

No. PD-1233-14

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## DONNA GAYLE HOLCOMB

*Petitioner,*

V.

## THE STATE OF TEXAS

*Respondent.*

---

## VERIFICATION OF DONNA HOLCOMB FOR PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW AND NOTICE OF FILING OF PETITION FOR DISCRETIONARY REVIEW

---

STATE OF TEXAS

COUNTY OF GALVESTON

Before me, the undersigned authority, a Notary Public, on this day personally appeared DONNA HOLCOMB, who being duly sworn upon her oath states:

"I, Donna Gayle Holcomb, am more than eighteen years of age. I am capable and competent to make this verification. I have never been convicted of a crime other than minor misdemeanors, such as traffic tickets, and this case which is on appeal with the Texas Criminal Court of Appeals. I have read *Petitioner's Motion for Extension of Time to File Petition for Discretionary Review and*

1

*Notice of Filing of Petition for Discretionary Review* and all statements made by me are true and correct and are made within my personal knowledge."

_____
DONNA HOLCOMB

STATE OF TEXAS

COUNTY OF GALVESTON

    SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this the ___24th___ day of March, 2015.

_____
Notary Public in and for said County and State

LAUREN ORTIZ
My Commission Expires
May 23, 2017

2